IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES CUNNINGHAM                                                    PLAINTIFF

v.                              Civil No. 13-2143

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, James Cunningham, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g)*.*

I.    **Procedural Background:**

Plaintiff filed his DIB and SSI applications on August 8, 2011, alleging an onset date of January 24, 2011, due to diabetes mellitus with neuropathy, osteoarthritis of the left knee, and depression.  Tr. 12, 130-43, 189-190, 213, 222-223.  The Commissioner denied Plaintiff's applications initially and on reconsideration.  Tr.  70-73, 76-82, 84-88.   An administrative hearing was held on May 23, 2012.  Tr. 27-69. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 42 years old and possessed limited education. He had past relevant work (PRW) experience at a chicken plant, fast food restaurant, and as a janitor.  Tr. 177-184.

On June 11, 2012, the ALJ found Plaintiff's diabetes mellitus with neuropathy, osteoarthritis of the left knee, and depression to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 14-16.  After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to perform sedentary work.

> The claimant can lift and carry ten pounds occasionally and less than ten pounds frequently; stand and walk two hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday.  The claimant can frequently handle and finger.  The claimant can understand, remember and carry out simple, routine and repetitive tasks; can respond to usual work situations and ordinary work changes; and can respond to supervision that is simple, direct and concrete.  The claimant can occasionally interact with supervisors and co-workers, but should not have contact with the public.

Tr. 15-16.  With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform his PRW as a tile installer as this position was actually and is generally performed.  Tr. 18-19. He also determined Plaintiff would perform work as a lamp shade assembler, addressing clerk, and nut sorter.  Tr. 20-21.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 27, 2013.  Tr. 1-4.  Subsequently, Plaintiff filed this action.  ECF No. 1.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 14, 15.  The case is before the undersigned for report and recommendation.

2

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.  **Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

3

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

Of particular concern to the undersigned is the ALJ RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such

4

as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the record contains various medical records establishing Plaintiff's diagnoses of and treatment for diabetes, diabetic neuropathy, depression, and anxiety and his reliance on insulin injections as well as medication to treat his diabetes.  There are two RFC assessments in the record, one physical and one mental, both of which were completed by non-examining, consultative physicians.  The ALJ, however, specifically dismissed the physical assessment. Tr. 342-349. He concluded that Dr. David Hicks' assessment of medium level work was contradicted by more recent evidence documenting Plaintiff's neuropathy and the diabetic ulcers on his feet.  Tr. 255-257, 421, 427.  We agree.

A CT scan of Plaintiff lumbar spine in 2009 revealed mild L3-4 interspace narrowing and posterior osteophyte formation. Tr. 275-279. X-rays of thoracic spine also revealed degenerative changes.  Tr. 255-257, 290, 421, 427.  And, an x-ray of his left knee in 2011 was positive for mild osteoarthritis with mild joint space narrowing medially.  Tr. 328-332.  Further, his most recent treatment notes indicate that he suffers from diabetic neuropathy resulting in chronic foot pain and the formation of ulcers on his feet that have required debridement.  Tr. 421. There is also some mention of neuropathy symptoms impacting his hands.

5

A physical exam conducted in September 2011 resulted in diagnoses of diabetes, knee pain secondary to mild arthritis, and mild depression with no assigned limitations. Tr. 328-332. We do not, however, find this evidence to be compelling, as it was a one time consultative examination. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). It does not appear that the doctor evaluated Plaintiff's feet or considered his diabetic issues. And, there is no evidence to suggest that the doctor had access to or reviewed Plaintiff's medical records.

Accordingly, we do not find sufficient evidence upon which to base an RFC assessment, without substituting our opinion for that of a physician. *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir.1990) (holding ALJ must not substitute his opinions for those of the physician). Remand is necessary to allow the ALJ to refer Plaintiff for a consultative endocrinology evaluation. The consultative doctor should be asked to review Plaintiff's medical records in conjunction with his examination, and to provide an assessment of Plaintiff's ability to lift, carry, stand, walk, sit, handle, and grip and operate foot pedals. He should also be asked to opine as to whether Plaintiff's need to check his blood sugar regularly and his reliance on insulin injections would necessitate additional and/or unscheduled breaks from work.

The record also contains only one mental RFC assessment. It, too, was completed by a non-examining consultative examiner. Tr. 364-381. Plaintiff did undergo a mental evaluation with Dr. Terry Effird, but he, unfortunately, was not asked to provide an RFC assessment. And, Plaintiff's treating doctor at the Behavioral Health Center was not asked to complete an assessment. Therefore, on remand, Dr. Effird should be asked to complete a mental RFC

6

assessment to guide the ALJ in determining how Plaintiff's depression and anxiety impacts his ability to perform work-related activities.  The ALJ should also request an RFC assessment from Plaintiff's treating source.

**IV.    Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of March 2014.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

7